UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAMEKA Y. CRITTENDEN
O/B/O R.T.S.,

         Plaintiff,    **16-cv-00605**

                **DECISION AND ORDER**

    -vs-

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

         Defendant.

---

## I. Introduction

Represented by counsel, Shameka Y. Crittenden ("plaintiff") has brought this action on behalf of her older infant son ("R.T.S.") pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("defendant" or "the Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**II. Eligibility for Childhood SSI**

For the purpose of evaluating eligibility for childhood SSI benefits, an individual under the age of 18 is considered disabled if he has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and that can be expected to result in death, or that has lasted, or can be expected to last, for a continuous period of not less than 12 months. *See* 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations establish a sequential evaluation for determining whether a child claimant meets this definition of disabled, and requires the claimant to show: 1) that he is not working; 2) that he has a severe impairment or combination of impairments; and 3) that his impairment or combination of impairments meets or medically equals the listings in Part A or B of Appendix 1 to Subpart P of Part 404 of the Social Security Administration's regulations. *See* 20 C.F.R. § 416.924. A child's functional limitations are evaluated in the context of six broad functional areas, called "domains of functioning." *See* 20 C.F.R. § 416.926a(b)(1). If a child has marked limitations in two domains or an extreme limitation in one domain, the child's impairment or combination of impairments is functionally equivalent to a listed impairment. *See* 20 C.F.R. § 416.926a(d). A "marked" limitation means that a claimant's impairment "interferes seriously with [his] ability to independently initiate, sustain, or complete activities. [A claimant's] day-to-day functioning may be seriously limited when

2

[his] impairment(s) limits only one activity or when the interactive and cumulative effects of [his] impairment(s) limit several activities. 'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme....'" 20 C.F.R. § 416.926a(e)(2).

**III. Procedural History**

Plaintiff protectively filed an application for SSI on behalf of R.T.S. on August 23, 2012, which was denied. Administrative Transcript ("T.") 65-69, 92-97. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") Grenville W. Harrop, Jr. on August 14, 2014. T. 42-64. In a decision dated October 27, 2014, the ALJ found that R.T.S. was not disabled as defined in the Act and denied plaintiff's claim. T. 20-35. On October 29, 2014, the Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final determination. T. 1-7. Plaintiff subsequently filed this action.

The Court assumes the parties' familiarity with the facts of this case, which will not be repeated here. The Court will discuss the record further below as necessary to the resolution of the parties' contentions.

**IV. The ALJ's Decision**

In considering plaintiff's claim, the ALJ applied the three-step sequential evaluation for evaluating child disability claims. See 20 C.F.R. § 416.924. At step one, the ALJ determined

3

that R.T.S. had not engaged in substantial gainful activity since August 23, 2012, the date of her application. T. 23. At step two, the ALJ found that R.T.S. suffered from the severe impairment of expressive and receptive language delay. *Id.* At step three, the ALJ found that R.T.S.'s impairments did not meet or medically equal any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ further found that R.T.S.'s impairment was not functionally equivalent to a listed impairment. T. 24. Specifically, the ALJ determined that R.T.S. had a marked limitation in the domain of Interacting and Relating with Others; less than marked limitations in the domains of Acquiring and Using Information, Attending and Completing Tasks, Moving About and Manipulating Objects, and Health and Physical Well-Being; and no limitation in the domain of Caring for Himself. T. 28-35. The ALJ therefore concluded that R.T.S. was not disabled within the meaning of the Act. T. 35.

**V. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

4

**VI. Discussion**

Here, plaintiff makes the following arguments in support of her motion for judgment on the pleadings: 1) the ALJ failed to properly evaluate the credibility of the testimony of R.T.S.'s mother and 2) the ALJ's finding that R.T.S. had a "less than marked" limitation in acquiring and using information was not supported by substantial evidence.

**A. The ALJ Failed to Properly Evaluate the Credibility of the Testimony of R.T.S.'s Mother and the Error Was Not Harmless**

Plaintiff contends that the ALJ failed to provide a sufficient credibility determination with respect to the testimony of R.T.S.'s mother. Docket 9 at 16. The Court agrees.

"Although the ALJ is free to accept or reject testimony of a claimant's parent, a finding that a witness is not credible must be set forth with sufficient specificity to permit intelligible review of the record." *Rozler v. Colvin*, 2014 WL 7358708, at *10 (W.D.N.Y. Dec. 23, 2014) (citing *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 260 (2d Cir. 1988)). "If the child claimant is unable adequately to describe his symptoms, the ALJ must accept the description provided by testimony of the person most familiar with the child's condition, such as a parent, and make specific findings concerning the credibility of the parent's testimony." *Rozler*, 2014 WL 7358708, at *10 *(quoting F.S. v. Astrue*, 2012 WL

514944, at *19 (N.D.N.Y. Feb.15, 2012)); *see Jefferson v. Barnhart*, 64 F. App'x 136, 140 (10th Cir.2003) (same).

Here, R.T.S. was three years old at the time of the hearing and unable to adequately describe his symptoms. T. 45. The record reveals that the ALJ neither accepted plaintiff's description of R.T.S.'s limitations nor made a specific credibility finding as to the testimony of R.T.S.'s mother. Instead, the ALJ acknowledged the two-step process to evaluate testimony, summarized the testimony of R.T.S.'s mother, found that R.T.S. had a medically determinable impairment which could be expected to produce the symptoms alleged, and summarily stated that "the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained below." T. 24-25. The ALJ did not, however, offer any reasons explaining why R.T.S.'s mother was "not entirely credible" as to the intensity, persistence and limiting effect of her son's symptoms, and what the ALJ meant by "not entirely credible," or the ultimate level of credibility afforded the statements. *See Ebelink v. Colvin*, 2015 WL 9581787, at *7 (W.D.N.Y. Dec. 30, 2015) ("As Plaintiff points out, the ALJ recited the boilerplate summarizing the two-step credibility analysis set forth in the regulations, but said nothing at all about Plaintiff's testimony regarding the intensity and persistence of Claimant's symptoms and limitations in functioning caused by his multiple severe impairments.") This was insufficient. *See Jefferson*, 64 F. App'x at 140 (holding that

6

ALJ's finding that claimant's mother's testimony was "credible only to the extent that [it was] supported by evidence of record" is "standard boilerplate language" and an insufficient explanation of credibility); *Williams*, 859 F.2d at 260-61 (concluding ALJ must set forth any finding that witness is not credible "with sufficient specificity to permit intelligible plenary review of the record"). The Court thus is left without a basis to determine whether the appropriate legal standards were applied; nor can it evaluate whether the ALJ considered the entire evidentiary record in arriving at his conclusion. *See Rozler*, 2014 WL 7358708, at *10 (citing *Bennett v. Astrue*, 2010 WL 3909530, at *10 (N.D.N.Y. Sept.30, 2010)).

The Commissioner argues that any alleged error in the ALJ's failure to assess the credibility of plaintiff's statements as to R.T.S.'s limitations is harmless because the hearing transcript did "not reveal any noteworthy testimony that adds to the medical evidence." Docket No. 13 at 15. During the hearing, however, plaintiff testified that R.T.S. did not "say his ABC's," had a "speech problem," and regularly used pointing and screaming to communicate. T. 49. The ALJ failed to consider this testimony in rendering his finding even though he noted in the decision that SSR 09-3P, which addresses acquiring and using information, cites reciting the alphabet, as a specific example of difficulty in the development of readiness skills. Indeed, during the hearing the ALJ tried and failed to elicit from R.T.S. a recitation of his

7

ABCs. T. 55-57. Had the ALJ properly considered plaintiff's testimony, he could have concluded that R.T.S.'s limitations in acquiring and using information were "marked," therefore rendering a finding of disabled. As such, the ALJ's error was not harmless. *See Wilson v. Colvin*, 213 F. Supp. 3d 478, 488 (W.D.N.Y. 2016) ("Therefore, the ALJ's failure to evaluate Dr. Holub's opinion was not harmless because, if the opinion were credited, it would have directed a finding of disability.").

Accordingly, remand "is required 'for a determination of plaintiff's credibility which must contain specific findings based upon substantial evidence in a manner that enables effective review.'" *Rozler*, 2014 WL 7358708, at *10 (quoting *Bennett v. Astrue*, 2010 WL 3909530, at *10 (N.D.N.Y. Sept.30, 2010)); *see also* Ebelink, 2015 WL 9581787, at *7 ("The ALJ's failure to provide any rationale for questioning Plaintiff's credibility is an error warranting remand."); *Warren ex rel. T.M.W. v. Colvin*, 2014 WL 200231, at *9 (W.D.N.Y. Jan. 16, 2014) (finding that remand was required for the ALJ to perform a credibility assessment where the ALJ summarized some of the claimant's mother's testimony, but did not assess the credibility of her statements about the claimant's symptoms and their functional effects).

    **B.    The Court Declines to Reach Plaintiff's Argument as to the ALJ's Finding With Respect to Acquiring and Using Information**

Plaintiff also argues that remand is required because the ALJ's finding that R.T.S. had a less than marked limitation with

8

respect to acquiring and using information was not supported by substantial evidence. Docket No. 9 at 12. Because the Court has determined that remand is required for specific findings with respect to a determination of plaintiff's credibility, it need not reach this issue. On remand and after the required specific findings with respect to plaintiff's credibility, the Commissioner should revisit his finding that R.T.S. had a less than marked limitation with respect to acquiring and using information and reconsider his conclusion whether R.T.S. is disabled in light of the record as a whole.

**VII. Conclusion**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Docket No. 13) is denied and plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted. This matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              **S/Michael A. Telesca**

                                              HON. MICHAEL A. TELESCA
                                            United States District Judge

Dated:     September 27, 2017
              Rochester, New York.